M. POLAPOLA vs. MARIA KEAHI CARR, and FRANK CARR, her Husband.

In Equity.  Bill to set aside a Deed.

Appeal from Circuit Court, of the First Judicial Circuit.

Hearing, April 6, 1894.                    Decision, May 15, 1894.

Judd, C.J., Bickerton and Frear, JJ.

The plaintiff brought a bill in equity to set aside a deed. The defendant pleaded in bar a decision in a law case (ejectment) where the court had held the said deed to be a conveyance of certain interests in land. Held that the decision pleaded in bar was no bar to the proceedings in equity, either to set aside or reform a deed.

Opinion of the Court, by Bickerton, J.

This is a bill in equity to set aside a deed, and the defendants filed their plea in bar in which they say :  " That on the 3d day of May, 1892, in the case of Maria K. Carr and Frank Carr, her husband, against M. Polapola and the Puuloa Sheep and Stock Ranch Company, these defendants recovered judgment in the Supreme Court of the Hawaiian Islands, at Chambers, before Mr. Justice Dole, whereby the title to the land and property set forth in the plaintiff's bill was adjudged upon in favor of these defendants, and defendants were there and then adjudged to be entitled to all and singular the right, title and interest of said Polapola in and to said property and as also were adjudged all the matters and things alleged in the plaintiff's bill.

" Therefore the said defendants plead the said judgment in bar to the plaintiff's bill of complaint herein and pray the judgment of this Honorable Court whether they shall be compelled to make any further answer to the said bill, and pray to be hence dismissed with their reasonable costs in this behalf expended and to such other relief as to the Court may seem meet."

After argument the Court overruled the plea and the matter now comes here upon appeal from such ruling.

The whole question for us to consider is, was the point now raised in this case passed upon in the judgment which is now pleaded in bar. We have carefully examined the former case and the decision therein by Mr. Justice Dole. He says : " It is necessary for me to construe the deed as a conveyance of the whole interest of the four grantors in the premises to the plaintiff, Mary K. Carr, but Polapola's testimony that the women were told that unless they got their husbands to sign the deed it would not be good, supports his claim that the intention was to sell only the interest supposed to be inherited by the women, from the deceased Makanana, *and might be considered in a court of equity in an action to reform the deed."* The language shows conclusively that the Court did not pass on the points now raised. It was a proceeding at law, and the Court could not consider nor pass upon the validity of the deed, set it aside or order it reformed, and properly held that such a matter could only be considered in a court of equity. The Court simply passed upon the legal construction of the deed as presented ; it could do nothing else ; it was limited ; it had no jurisdiction to pass on the question now raised. This question was clearly left open.

We are unable to find any bar to the equity proceeding. We therefore sustain the ruling of the lower Court overruling the plea in bar.

Appeal dismissed.

*S. K. Kane,* for plaintiff.

*C. Creighton* and *A. P. Peterson,* for defendants.